UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-62 |
| | ) | (PHILLIPS/GUYTON) |
| MARK HIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's Motion For A Daubert Hearing [Doc. 20] and the defendant's Motion For A Witness List [Doc. 21]. For the reasons that follow, both Motions [Docs. 20 and 21] are **DENIED**.

In his Motion For A Daubert Hearing [Doc. 20], the defendant states: that the government will call an agent of the Drug Enforcement Administration ("DEA") to testify at trial; that the DEA agent will testify about wiretapped telephone calls involving the defendant; and that the DEA agent will opine that references in those calls to "automobiles, automobile rims and other automobiles parts," in fact, are references to drugs and drug quantities. The defendant argues that the Court should conduct a Daubert hearing to determine whether such testimony satisfies the requirements of Rules 403, 702, 703 and 705 of the Federal Rules of Evidence.

The government, in opposition to the Motion, states that the DEA agent who will testify, identified as Special Agent Dave Lewis ("Lewis") will testify "based upon his training and experience," that drug traffickers do refer to controlled substances, and their quantities, "in code."

Lewis also will testify that the defendant in the present case used such code in conversations with coconspirators. The government argues that well established case law allows DEA agents to testify on such matters to assist the jury in understanding the evidence or determining a fact in issue [Doc. 23].

The Court concludes that the government's position is correct. DEA agents may testify as experts on the operations and characteristics of drug-trafficking organizations. United States v. Swafford, 385 F.3d 1026, 1030 (6th Cir. 2004) (allowing such testimony "as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman"). In a recent opinion, the Sixth Circuit Court of Appeals specifically approved of allowing Special Agent Lewis to give such testimony, citing his years of drug enforcement experience and extensive drug-investigation training. See, United States v. List, No. 05-6526 (6th Cir. Oct. 12, 2006), available at http://ca6pub1.circ6.dcn/opinions.pdf/06a0763n-06.pdf.

In his Motion For a Witness List [Doc. 21], the defendant asks for a list of the government's witnesses "at least thirty (30) days prior to the trial." The government, in opposition, argues that it is not required to disclose its witnesses prior to trial [Doc. 22].

The government's position is correct. See, United States. v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984). Moreover, the Court's Order On Discovery and Scheduling [Doc. 11] controls pre-trial disclosures in this case.

Accordingly, the defendant's Motions **[Docs. 20 and 21]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

<u>     s/ H. Bruce Guyton     </u>
United States Magistrate Judge